UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARCO A. GARCIA-ECHAVERRIA, | ) | CASE NO. 3:08 CV1586 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| A. ANNETTE ESCAMILLA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner pro se Marco A. Garcia-Echaverria filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 1, 2008. Mr. Echaverria, who is confined at a prison in McAllen, Texas, filed this petition against United States Probation Officer A. Annette Escamilla, Supervising United States Probation Officer Nancy Saenz and the United States Marshals. Petitioner asserts this court's jurisdiction pursuant to § 2241 because he maintains he cannot obtain effective relief on direct appeal or through a motion to vacate pursuant to 28 U.S.C. § 2255.

BACKGROUND

In order to clarify the substance of petitioner's present petition, it is necessary to

provide the following factual background, as provided in his appeal to the Sixth Circuit:

> On May 13, 1997, the Immigration and Naturalization Service ("INS") issued Garcia-Echaverria a Notice to Appear, charging that he was deportable due to his Kentucky drug conviction under two sections of the Immigration and Nationality Act ("INA")- § 237(a)(2)(A)(iii) (codified as 8 U.S.C. § 1227(a)(2)(A)(iii)) for being convicted of an "aggravated felony" and § 237(a)(2)(B)(i) (codified as 8 U.S.C. § 1227(a)(2)(B)(i)) for being convicted of controlled substance offense. On September 7, 1999, an Immigration Judge ("IJ") ordered Garcia-Echaverria removed from the United States. On July 20, 2000, the BIA dismissed Garcia-Echaverria's appeal, finding that a waiver of inadmissibility pursuant to § 212(c) of the INA (originally codified as 8 U.S.C. § 1182(c), but repealed by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 104 Pub. L. No. 104-208, § 304(b), 110 Stat. 3009 (1996)), was not available to him, and that he was statutorily ineligible for cancellation of removal pursuant to § 240A(a) of the INA (codified at 8 U.S.C. § 1229b).
>
> Garcia-Echaverria was removed on either August 8 or 9, 2000, after he had made filings in the Fifth Circuit and the S.D.N.Y. On August 7, 2000, Garcia-Echaverria filed in the Fifth Circuit a petition for review of the BIA's decision and a motion for a stay of removal, which were docketed on August 10, 2000. After Garcia-Echaverria was removed, the Fifth Circuit declared moot the motion to stay removal and dismissed for lack of jurisdiction the petition for review. While he was held in Oakdale, Louisiana awaiting removal, Garcia-Echaverria sent a petition for a writ of habeas corpus to the S.D.N.Y. On August 8, 2000, the S.D.N.Y. ordered the habeas petition to be filed and docketed, transferred the petition to the W.D. La., and stayed removal pending further action by the W.D. La. However, neither Garcia-Echaverria's habeas petition nor the S.D.N.Y.'s orders transferring the petition and granting the stay were entered on the S.D.N.Y.'s docket sheet until August 9, 2000. The W.D. La. did not receive the transferred habeas petition until August 14, 2000, and dismissed the petition for non-payment of filing fees on November 1, 2000.

United States v. Garcia-Echaverria, 374 F.3d 440, 443-44 (6th Cir. 2004).

Petitioner was indicted in 2001 and charged with being an alien found in the United

States on or about August 31, 2001, after having been deported for committing an "aggravated felony" and reentering without obtaining permission from the Attorney General, in violation of 8 U.S.C. § 1326(b). See United States v. Garcia-Echaverria, No. 3:01cr0779 (N.D. Ohio filed Oct. 3, 2001)(Carr, J.)  Motions to dismiss the indictment and to dismiss the criminal charges were filed by petitioner's attorney and denied by Judge Carr on February 19, 2002.  Petitioner then filed a supplemental motion challenging the lawfulness of his deportation. Before the court's subsequent denial of his motion, petitioner entered a guilty plea to the charge on September 10, 2002.  Judge Carr imposed a sentence on April 14, 2003, ordering petitioner to serve thirty-seven months in prison, followed by two years of supervised release.

A pro se motion for leave to file a stay of deportation was filed by petitioner in the district court on April 16, 2003.[1]  Petitioner appealed his conviction through counsel to the Sixth Circuit on April 25, 2003.  On appeal, Mr. Garcia-Echaverria argued:

> his conviction for unlawful reentry should be vacated because (1) his initial removal was unlawful, because at the time he was removed, the Kentucky drug conviction for which he was removed was on direct appeal; (2) his initial removal violated due process because at the time he was removed, his petition for review of the Board of Immigration Appeals ("BIA") decision and his motion for a stay of removal were pending before the United States Court of Appeals for the Fifth Circuit, he had filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York ("S.D.N.Y."), which the S.D.N.Y. had transferred to the United States District Court for the Western District of Louisiana ("W.D.La."), and the S.D.N.Y. had issued a stay of removal until the W.D.La. took further action; and (3) his indictment should have been dismissed due to violations of § 3161(b) of the Speedy Trial Act and Federal Rule of Criminal

---

[1] Judge Carr denied the motion to stay on July 7, 2003 based on the reasoning of the Assistant United States Attorney.

3

> Procedure 5(a) because by the time he was indicted, he had been in detention for thirty-three days, and by the time he was first brought before a magistrate, he had been in detention for thirty-five days.

Garcia-Echaverria, 374 F.3d at 442. The Court of Appeals affirmed the district court's conviction and held, in part, that petitioner's 1997 conviction for "Trafficking Marijuana over 8 ounces, less than 5 pounds," in violation of K.R.S. 218A.1421(3), was final for removal purposes. Id. at 446. Thus, Mr. Garcia-Echaverria's removal was not unlawful for purposes of a subsequent charge of unlawful reentry by an illegal alien, even though he had a pending appeal at time of his removal. The Sixth Circuit noted that the appeal was of orders denying petitioner's collateral attack on his conviction, not an appeal of the judgment of conviction. Finally, the court noted that the time for filing a direct appeal of his state conviction had expired. Less than one month after the court of appeals issued its opinion, the record reflects that petitioner was deported on August 31, 2004.

Petitioner admits he was arrested for driving while intoxicated in Edinburg, Texas on August 25, 2006. Following his detention in the Hidalgo County Jail, petitioner was released to the custody of immigration officials.

On December 26, 2006, a Petition for Warrant for Offender under Supervision was issued by the U.S. Probation Office in the Southern District of Texas. Probation Officer Annette Escamilla petitioned for a Supervised Release Warrant to show cause why petitioner's supervised release should not be revoked based on federal charges he was facing in the United States District Court of the Southern District of Texas. In the warrant petition, Ms. Escamilla alleged that Mr. Garcia-Echaverria violated a mandatory condition of supervision when he drove while intoxicated on August 25, 2006 in Edinburg, Texas. After the Texas Department of Public Safety (DPS) arrested

4

him on that date, he was sentenced on September 7, 2006 to 90 days custody at Hidalgo County Jail followed by two (2) years of probation. Two days after his arrest by the Texas DPS, Mr. Garcia-Echaverria was interviewed by immigration officials in Edinburg, Texas. At that time, petitioner admitted he illegally reentered the United States on August 31, 2004. His reentry occurred on the same date he was deported for being an alien convicted of an aggravated felony.

The warrant petition explained that petitioner was released from Hidalgo County Jail, to the custody of immigration officials on September 10, 2006. A Notice of Intent/Decision to Reinstate Prior Order was issued on the same date, wherein petitioner was notified of the Attorney General's intent to reinstate the Order of Removal entered against petitioner on September 7, 1999.

A single count indictment was filed in the Southern District Court of Texas on September 26, 2006 charging petitioner with illegal reentry in violation of 8 U.S.C. §§ 1326(a) & (b). See United States v. Garcia-Echaverria, No. M-06-877-01 (S.D. Tex. 2006).

Petitioner asserts that his April 14, 2003 conviction for illegal reentry is "invalid." It is his opinion that his drug conviction for "illicit drug trafficking" did not qualify as an aggravated felony. As such, he contends he should not have been determined to be a deportable alien in 1999. He admits that he filed an appeal with the Fifth Circuit Court of Appeals challenging the September 10, 2006 reinstatement order. Since then, the "government held that the petitioner are [sic] in the U.S. Marshals [sic] custody for violated [sic] the supervise [sic] release and on his charge for illegal reentry." (Pet. at 11.)

28 U.S.C. § 2241

Petitioner is asserting that this court has jurisdiction under the savings clause of 28 U.S.C. § 2255. The clause provides that a district court may exercise jurisdiction over § 2255 claims

5

challenging a conviction, under 28 U.S.C. § 2241, if the petitioner establishes that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).  It is the petitioner's burden to demonstrate that the remedy by motion is "inadequate" or "ineffective."  The United States Court of Appeals for the Sixth Circuit has cautioned that it is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255. In Charles v. Chandler, 180 F.3d 753 (6th Cir .1999) (discussing "inadequate and ineffective" standard), and later in Martin v. Perez, 319 F.3d 799 (6th Cir. 2003)(discussing requirement of alleging "actual innocence" based on an intervening U.S. Supreme Court decision), the Sixth Circuit discussed the burden placed on a § 2241 petitioner trying to challenge his conviction and/or sentence.

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a § 2255 motion to the trial court is a high one under Charles and Martin.  It is clear from Mr. Garcia-Echaverria's petition that he believes his §2255 remedy is inadequate because it is no longer an available alternative.  This is not a valid basis upon which to rely.

Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  See e.g., Charles, 180 F.3d at 756.  Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally  barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  See In re

6

Davenport, 147 F.3d 605, 608 (7th Cir.1998). All of these circumstances appear to apply to the petitioner and, consequently, none qualifies him for relief from this court under the safety valve provision of § 2255.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                s/ Kathleen M. O'Malley
                                                KATHLEEN M. O'MALLEY
                                                UNITED STATES DISTRICT JUDGE

DATED: August 25, 2008